UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **HUSSEIN A. ATTRISI** | : | **DOCKET NO. 2:07-cv-734**<br>**Section P** |
| **VS.** | : | **JUDGE MINALDI** |
| **WARDEN, FDC-OAKDALE, ET AL** | : | **MAGISTRATE JUDGE WILSON** |

### REPORT AND RECOMMENDATION

Currently before the court is a petition for writ of *habeas corpus* filed by *pro se* petitioner, Hussein A. Attrisi, pursuant to 28 U.S.C. § 2241. By this petition, Petitioner challenges his post-removal-order detention. This matter has been referred to the undersigned magistrate judge for review, report, and recommendation in accordance with 28 U.S.C. §636(b)(1)(B).

Petitioner is a native and citizen of Liberia. He entered the United States as a non-immigrant on December 14, 1999. *See* Government Exhibit A. In 2000, petitioner was granted political asylum in the United States. On May 21, 2003, petitioner pled guilty to Indecent Assault and Battery on a person over the age of 14 in a Massachusetts state court. For this offense, he was sentenced to 360 days imprisonment and 8 years probation. *See* Government Exhibit B.

On June 6, 2006, a Notice to Appear was issued against petitioner, charging him with being removable. *See* Government Exhibit C, p.16. On October 2, 2006, an immigration judge found petitioner to be removable as charged. *See* Government Exhibit A. He reserved his right to appeal this decision but did not file an appeal. Thus, his removal order became final on November 1, 2006.

On November 29, 2006, a travel document request was submitted to the Detention and Removal Operations Division of the Department of Homeland Security, Immigration & Customs Enforcement. *See* Government Exhibit C. Decisions to Continue Detention was issued on February

12, 2007 and on June 1, 2007 following post-order custody reviews. *See* Government Exhibits D-1 and D-2. These decisions were based upon the fact that a travel document request for petitioner was pending with the Liberian Consulate. Petitioner's identity as a Liberian national was confirmed during an interview in May, 2007. *See* Petitioner's Reply, doc. 13, ¶ 2.

On April 25, 2007, petitioner filed this petition for *habeas* relief, challenging his continued detention in post-removal-order detention. Petitioner states in his petition that he is subject to a final removal order and has been in post-removal-order custody pursuant to INA § 241 for more than 6 months. He challenges his detention as indefinite because neither ICE nor the Liberian Consulate can provide a definite date for the issuance of a travel document for him. He seeks his release from custody while awaiting a travel document for his repatriation to Liberia. On June 1, 2007, the court ordered the respondents to respond to this petition.

The respondents have filed a response wherein they argue that petitioner has not demonstrated that his removal is not likely to occur in the reasonably foreseeable future. The response points out that there is no dispute regarding petitioner's Liberian citizenship and that Liberia has not refused to issue a travel document for petitioner. Thus, the respondent argues that petitioner has failed to establish thatt his removal is not likely to occur in the reasonably foreseeable future.

**LAW AND ANALYSIS**

In *Zadvydas v. Davis*, 121 S.Ct. 2491 (2001), the United States Supreme Court held that in order for post-removal detention under 8 U.S.C. §1231(a)(6) to be constitutional, it must be limited "to a period reasonably necessary to bring about that alien's removal from the United States." *Zadvydas*, 121 S.Ct. at 2498. The Supreme Court went on to recognize six months as a presumptively reasonable period of detention for INS detainees following a final order of removal. *Zadvydas*, 121 S.Ct. at 2504.

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut this showing. And for the detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*Zadvydas,* 121 S.Ct. 2505.

In the matter before this court, Petitioner has been in post-removal-order detention since November 1, 2006, a period greater than six months. However, this does not mean that Petitioner is automatically entitled to release. In order for Petitioner to secure his release from custody, the evidence must demonstrate that he has been detained beyond a period reasonably necessary to bring about his removal from the United States and that there is no significant likelihood of removal in the reasonably foreseeable future. This showing has not been made in this case.

It is undisputed that petitioner is a Liberian citizen, and the petitioner has not produced any evidence to establish that the Liberian Consulate has declined to issue a travel document for him. To support his assertion that his detention is "illegal and indefinite" petitioner points only to the fact that he has been detained beyond the six-month period recognized as presumptively reasonable by the Supreme Court in *Zadvydas.* However, in *Andrade v. Gonzales,* 459 F.3d 538 (5th Cir. 2006), the Fifth Circuit reiterated that the Supreme Court's holding in *Zadvydas* "creates no specific limits on detention"; that "'an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.'"; and that "[t]he alien bears the initial burden of proof in showing that no such likelihood of removal exists." *Andrade*, 459 F.3d at 543, quoting *Zadvydas*, 121 S.Ct. at 2505. The Fifth Circuit also held that conclusory statements such as those offered by petitioner are not sufficient to satisfy the alien's initial burden of demonstrating that

3

there is no significant likelihood of removal in the reasonably foreseeable future. *Andrade v. Gonzales,* 459 F.3d at 543-44.

Accordingly, this court finds that even though the petitioner has been in post-removal-order detention for more than six months, he has failed to demonstrate at this time that his removal is not likely to occur in the reasonably foreseeable future or that he has been detained beyond what is reasonably necessary to bring about his removal from the United States.

For this reason,

**IT IS RECOMMENDED** that this petition be **DENIED AND DISMISSED without prejudice**.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, September 12, 2007.

ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE